IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

October 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CHEROKEE HILLS UTILITY DISTRICT | ) | POLK COUNTY |
| | ) | 03A01-9704-CV-00128 |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. JOHN B. HAGLER, |
| | ) | JUDGE |
| | ) | |
| JEFF STANLEY, Individually, | ) | |
| and Jeff Stanley, d/b/a | ) | |
| Wahoo's | ) | |
| | ) | REVERSED AND DISMISSED |
| Defendant-Appellant | ) | IN PART, and REMANDED |

H. FRANKLIN CHANCEY OF CLEVELAND FOR APPELLANT

B. PRINCE MILLER, JR., OF CLEVELAND FOR APPELLEE

O P I N I O N

Goddard, P.J.

Jeff Stanley, Individually, and d/b/a Wahoo's, appeals a judgment of the Circuit Court for Polk County which mandatorily enjoined him to remove a cabin he was constructing and a concrete pad from an easement for a water line which the Trial Judge found was owned by Cherokee Hills Utility District and was an encumbrance on property conveyed to Mr. Stanley.

The Defendant appeals, raising the following two issues:

I. WAS THE TRIAL COURT CORRECT IN HOLDING THAT THE CHEROKEE HILLS UTILITY DISTRICT POSSESSES AN EASEMENT EXTENDING OVER THE DEFENDANT'S PROPERTY.

II. IF THERE IS AN EASEMENT, MAY BUILDING A STRUCTURE OVER THE EASEMENT BE MANDATORILY ENJOINED WITHOUT A FINDING THAT THERE IS NO ADEQUATE REMEDY OF LAW

By instrument dated December 21, 1966, Tennessee Corporation, a private corporation, conveyed to Cherokee Hills Utility District, organized pursuant to Title 57, Chapter 82, T.C.A., a 16-acre tract lying in the 3rd Civil District of Polk County. This deed also contained the following language:

> together with all structures, pumps, water storage tanks, pipes, valves, gates and other mechanical parts and equipment pertinent to said mains and all rights-of-way and easements necessary or incidental to the operation, maintenance, repair or replacement of said water mains and appurtenant equipment, as shown on a map designated as N555, on file in the General Office of the Party of the First Part.

By instrument dated March 3, 1986, Jeff Stanley acquired a 2.5-acre tract located near the tract acquired by Cherokee Hills. This deed does not contain any reservation for right of ways claimed by Cherokee Hills. It does, however, contain the following references:

> BEING AND INTENDED TO BE THE SAME PROPERTY CONVEYED TO Billy D. Baliles, and wife, Vicky P. Baliles by Warranty Deed from J. Glen Harbison, Jr. and wife,

2

Karen M. Harbison, recorded January 29, 1985, in Book 119, Page 88 in the Register of Deeds Office, Polk County, Tennessee.
BEING AND INTENDED TO BE THE SAME PROPERTY CONVEYED TO Gene Nelson, and wife, Denise Nelson by Warranty Deed from Vicky P. Baliles, and husband Billy D. Baliles, recorded on February 6, 1985 in Book 119, Page 150, in the Register of Deeds Office, Polk County, Tennessee.

No additional references to prior conveyances as to the Stanley property are found in his deed, nor in the record.

Our review of the record persuades us that the principal fallacy of the Utility District, as well as the Trial Judge, is a finding that the easement conveyed to the Utility District was a valid encumbrance on Mr. Stanley's property.

We find such a determination inappropriate for at least two reasons. First, the deed wherein the Utility District acquired the water system and right of ways attempts to incorporate by reference a map found in the office of the Tennessee Corporation, which is not a public entity and whose records are not subject to inspection by the general public.[1] Thus, we cannot equate a reference to the map in the office of a private corporation to a reference to a plat recorded in the Register of Deeds Office, which, of course would supply requisite notice to subsequent purchases.

_____

[1] It is true the proof shows the map could also be found in the office of the Utility District. We presume this occurred when the deed to the Utility District was delivered. However, there is no showing that this fact was known to the grantee of the 2.5 acre-tract owned by Mr. Stanley at the time it was acquired from Tennessee Corporation or by Mr. Stanley.

3

Secondly, there is no showing that the deed to the Utility District was executed, delivered and recorded prior to the deed to Mr. Stanley's predecessor in title, which we assume was also from Tennessee Corporation. While this may very well be the case, we believe that the Utility District had the affirmative duty to show such and has failed to do so.

We accordingly conclude that the Chancellor was in error in finding that the record supports Cherokee Hills' assertion that it owns the easement in dispute.

In light of our disposition of the first issue raised by the Defendant, it is unnecessary that we address the second.

By counter-complaint Mr. Stanley has sought damages from Cherokee Hills should they be forced to remove their improvements, which, although not specifically addressed by the Chancellor's final order, was implicitly dismissed thereby.

Because no issue is raised as to dismissal of the counter-claim, we choose not to address this feature of the case.

For the foregoing reasons the judgment of the Trial Court as to the mandatory injunction is reversed and the Utility District's original suit dismissed. The case is remanded for

4

collection of costs below which are, as are costs of appeal, adjudged against the Utility District.

_____
Houston M Goddard, P.J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.

5